IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
FEB 12 2009
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 1:08-CV-1960-TCB-JFK |
| ROBERTSON SANITATION, A DIVISION OF REPUBLIC SERVICES OF GEORGIA, LIMITED PARTNERSHIP | : |
| Defendant. | : |

## CONSENT DECREE

### TABLE OF CONTENTS

Page

I. Introduction ................................................................................................3

II. Scope ..........................................................................................................5

III. Term, Dismissal and Retention of Jurisdiction .........................................6

IV. Compliance with Title VII .........................................................................7

V. Settlement Fund .........................................................................................7

VI. Notice to Eligible Claimants .....................................................................9

VII. Goals for Qualified Female Applicants ...................................................11

| | | |
|---|---|---|
| VIII. | Management Training | 12 |
| IX. | Non-Discrimination Policy | 13 |
| X. | Posting of Notice | 14 |
| XI. | Reporting | 14 |
| XII. | Monitoring Compliance | 16 |
| XIII. | Enforcement | 18 |
| XIV. | Costs and Attorneys' Fees | 18 |
| XV. | Press Release | 18 |

Exhibits

| | |
|---|---|
| Eligible Claimant List | A |
| Claim Form | B |
| Notice to Eligible Claimants | C |
| Release of Claims | D |
| Posted Notice | E |
| Driver – Residential (Automated) Position Description | F |
| Driver – Recycling (Manual) Position Description | G |
| Driver – Commercial (FEL) Position Description | H |
| Driver – Roll Off Position Description | I |

## I. **INTRODUCTION**

A. This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission"), an agency of the United States, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission has alleged that the Defendant, Robertson Sanitation, A division of Republic Services of Georgia, a Limited Partnership, in its organizational components located at 7100 Delta Circle, Austell, Georgia 30168 and 51 Patrick Mill Road, SW, Winder, Georgia 30680 (hereinafter "Robertson Sanitation"), engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting Jeanine Moore and the class members to a pattern or practice of discriminatory treatment, including disparate treatment in hiring. The Commission alleges that such hiring practice(s) were intentionally discriminatory or otherwise had a disparate impact on Jeanine Moore ("Charging Party") and the class members from at least January 1, 2005 to October 31, 2006.

B. The Commission and Robertson Sanitation (the "Parties") advise this Court that they wish to avoid the expense, delay and uncertainties of further protracted litigation in this matter, and therefore agree to settle this action by this Consent Decree ("Decree").

C. The Parties agree that this Court has jurisdiction over the subject matter of the claims alleged and the Parties to this lawsuit.

D. The Parties agree that this Decree is voluntarily entered into by the Parties, that it shall not constitute an adjudication and finding on the merits of the case and shall not be construed as an admission by Robertson Sanitation that it violated Title VII. Robertson Sanitation denies that its actions as alleged in the Complaint constitute a violation of Title VII or

of any other applicable law or regulation. Robertson Sanitation has denied that sex played any role in the decisions not to hire Jeanine Moore or any putative class member.

E. This Decree is final and binding upon the Parties, their successors and assigns. Further, the Parties agree jointly to defend this Consent Decree should it be challenged by a non-party. The Parties agree to bear their own legal fees and costs in any such defense, provided, however, the Commission shall not be required to intervene as a defendant in any action brought against Robertson Sanitation.

F. The Parties agree that this Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all claims of discriminatory failure to hire on the basis of gender in violation of Title VII that were made or could have been made by the Commission in this action based on acts or omissions of Robertson Sanitation to hire female Truck Drivers in its Winder and Austell, Georgia facilities from January 1, 2005 to the date of this Decree.

G. The Parties have undertaken discovery sufficient to permit them to assess the desirability of this resolution.

H. The Parties' officers, agents, employees, and successors shall not interfere with the relief herein ordered, but shall reasonably cooperate in the implementation of this Decree. This provision shall not expand the Court's personal jurisdiction to any natural person presently beyond that jurisdiction.

I. The Parties desire that the Court approve this Decree. Upon approval, the Parties will begin taking certain actions as set forth in Sections V and VI of this Decree.

J. THIS DECREE CONTAINS IMPORTANT DEADLINES. FAILURE TO MEET THESE DEADLINES CAN CAUSE RIGHTS TO BE LOST.

NOW THEREFORE, it is the finding of this Court, made on the pleadings and the record as a whole, that this Decree constitutes a fair and equitable resolution.

IT IS FURTHER ORDERED, DECREED AND ADJUDGED AS FOLLOWS:

This Court has jurisdiction over the Parties to and the subject matter of this action.

## II. SCOPE

A.  This Decree resolves all claims for both monetary and non-monetary relief on the basis that Robertson Sanitation failed to hire female applicants for residential driver/helper, commercial driver and/or industrial or roll off driver positions from January 1, 2005 to the date of this Decree at its Austell and Winder facilities. Accordingly, this Decree resolves such claims for female applicants who meet the following criteria:

(1) They applied for any above referenced Truck Driver position at the Winder, Georgia or Austell, Georgia locations between January 1, 2005 and October 31, 2006;

(2) They possessed a valid commercial driver's license (CDL) at the time of application;

(3) They had large truck, sanitation truck, tractor trailer, dump truck, box truck, motor coach or school bus experience at the time of application; or

(4) They had some commercial driving experience and had attended and completed a large truck driving school prior to applying for the Truck Driver position;

(5) They have not instituted an action seeking relief for a claim alleged in this action that remains pending as of the date of final Court approval of this Decree, or they have not opted into another pending Title VII private litigation as of the date of such final approval;

(6) They have completed and returned a Claim Form, Release of Claims Form and executed IRS W-9 Form in accordance with Section VI this Decree.

This Decree may include female applicants meeting these criteria who have been issued a notice of right to sue that expired prior to the date of final Court approval of this Decree.

B.   Exhibit A ("Eligible Claimants") is a list of all individuals, including the Charging Party, that the Parties agree come within the scope of this Decree. The fact that a particular individual appears on the list does not constitute an admission or acknowledgement by Robertson Sanitation that she is or was qualified for a driver position at either the Austell or Winder facility.

### III.   TERM, DISMISSAL AND RETENTION OF JURISDICTION

A.   The term of this Decree shall be four (4) years from the date of final Court approval. During that time, this Court shall retain jurisdiction over the Parties for purposes of compliance with this Decree, including issuing such orders as may be required to effectuate its purposes. Upon approval of this Decree, this Court shall dismiss all claims by the Commission in this action, with prejudice, but shall retain jurisdiction to monitor compliance with this Decree during the term hereof. This Decree will lapse and become null and void as to one or both facilities (Winder and Austell) in the event that either is closed or otherwise ceases operation.

B.   The Parties agree that all disputes between them regarding any provision of this Decree shall first be raised informally between them, and that they shall attempt in good faith to meet and confer regarding such matters with the view to prompt and informal resolution. If such matters are not resolved informally within 30 days, the Parties shall then exchange written notices setting forth their positions, and shall consider whether resort to mediation is in the best interests of the Parties. If the Parties cannot agree to mediate, or if the mediation does not result in an agreement between them, then they may bring the dispute to this Court for resolution, provided that they set forth with specificity the efforts they have made to comply with the provisions of this paragraph.

C.  The dismissal of this action in accordance with the provisions of subparagraph A of this Section III shall bar the Commission from bringing any administrative proceeding or suit under Title VII against Robertson Sanitation's Austell and Winder facilities based in whole or in part on any acts or omissions occurring on or after January 1, 2005, that either (1) were or could have been alleged in this lawsuit, or (2) involve class, systemic or pattern and practice allegations concerning female applicants for employment for the driver positions identified in Section II.A above at Robertson Sanitation's Austell and Winder facilities within the State of Georgia, provided it occurred on or after January 1, 2005 up to the date of the Decree.

### IV. COMPLIANCE WITH TITLE VII

A.  Robertson Sanitation shall not unlawfully discriminate against any qualified applicant for employment on the basis of gender, female, in violation of Title VII.

B.  Robertson Sanitation shall not retaliate against, or in any respect adversely affect, any person because that person has opposed alleged discriminatory policies or practices, has filed an EEOC charge, or because such person made a charge, testified, assisted or participated in any manner in an investigation, proceeding or litigation under Title VII or concerning this case or this Decree.

### V. SETTLEMENT FUND

A.  Robertson Sanitation shall pay the gross sum of Four Hundred Seventy Five Thousand Dollars ($475,000.00) ("Settlement Fund") for the use and benefit of the Eligible Claimants as provided in this Section V.

B.  No later than five (5) business days after Court approval of this Decree, Robertson Sanitation shall segregate the Settlement Fund in its account, which shall earn interest at the current rate of the depository institution for that account, the interest to inure to the benefit of the

Eligible Claimants. Robertson Sanitation shall thereafter promptly provide the Commission with evidence of the segregation of the Settlement Fund. Except as provided in subparagraph F of this Section V, no withdrawals from this account may be made for any reason.

C. Each Eligible Claimant listed on Exhibit A who submits an executed IRS W-9 Form, a timely Claim Form (Exhibit B) and executed Release of Claims (Exhibit D) shall receive a share in the Settlement Fund, the amount of which will vary depending on the number of years that have elapsed since their application for employment and back pay mitigation efforts.

D. The Charging Party, when she submits a timely Claim Form, executed Release of Claims Form IRS W-9 Form shall receive Seventy Thousand Dollars ($70,000.00) from the settlement fund.

E. Within three months after the approval of this Decree, the Commission shall notify counsel for Robertson Sanitation of those Eligible Claimants who are participating in the distribution and of each such Eligible Claimant's gross share of the Settlement Fund based on the factors set forth in subparagraph C of this Section V and provide a copy of their completed Exhibit B and D forms, and IRS W-9 Form.

F. No later than twenty-one (21) days after such notification, Robertson Sanitation shall draw on the account established according to subparagraph B of this Section V and mail to the Eligible Claimants (or their estates or heirs) checks in the amount determined. Simultaneously, Robertson Sanitation shall send to the Commission[1] a listing of each payee's name, a copy of the check and a copy of the 1099 form issued. Each payee will also be notified that they will be individually responsible for individual income taxes and that obligation shall be included in the Release of Claims. If any checks are returned or are not cashed within 180 days,

---

[1] All written certifications required by this Section and/or any other Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

Robertson Sanitation shall notify the Commission promptly so that the Commission may take further steps to reach those Eligible Claimants. In the event that any funds, including accrued interest, are not distributed as required by this Section V, then Robertson Sanitation will report to the Commission on the amount of such sum returned, if any. The Parties agree that any funds not cashed and/or returned within 180 days, pursuant to subsection F of this Section V, shall be redistributed equally among the remaining Eligible Claimants.

## VI. NOTICE TO ELIGIBLE CLAIMANTS

A. Not later than fifteen (15) days after the Court's approval of this Decree the Commission shall mail a package containing the following materials (the "Settlement Package") to each Eligible Claimant:

(1) An IRS W-9 form;

(2) A Claim Form (Exhibit B);

(3) A Notice to Eligible Claimants of the Proposed Consent Decree (including the amount or range of payment that the EEOC has set for distribution to each individual). (Exhibit C); and

(4) A Release of Claims (Exhibit D).

B. Each Eligible Claimant who wishes to claim a share of the Settlement Fund or otherwise participate in the benefits of this Decree shall return an executed IRS W-9 Form, a Claim Form (Exhibit B) and Release of Claims (Exhibit D) to the Commission so that it is received by the Commission not later than thirty (30) days after the package is mailed. Upon receipt of all forms and releases, the Commission shall provide executed forms and releases of claims to Robertson Sanitation. The Commission shall process these documents and shall prepare a list of Eligible Claimants whose executed claim forms and executed releases of claims

were received by the Commission in a timely manner. Upon filing with the Court, this list shall be final and conclusive on Robertson Sanitation and the Commission concerning all rights and obligations under this Decree.

C. Except for mailings returned undeliverable as provided in subparagraph D of this Section VI or by mutual agreement between the Parties as provided in subparagraph E of this Section VI, Eligible Claimants who fail to submit a properly executed and notarized claim form and release of claims to the Commission shall be disqualified from any relief under this Decree.

D. As to any Eligible Claimant whose Settlement Package is returned as undeliverable, the disqualification deadline for returning a Claim Form and Release of Claims shall be not later than 14 days after the Commission has notified Robertson Sanitation of the Eligible Claimants who are participating in the distribution of the settlement fund pursuant to Section V.E of this Decree. Eligible Claimants who fail to meet this deadline shall be disqualified as provided in subparagraph D of this Section VI, whether or not they received their Settlement Packages.

E. If any person within the scope of this Decree according to Section II.A of this Decree is not sent a Settlement Package, that person may be allowed to participate in benefits under this Decree by mutual, written agreement entered into between the Parties, in their sole discretion, but not later than 14 days after the Commission has notified Robertson Sanitation of the Eligible Claimants who are participating in the distribution of the settlement fund pursuant to Section V.E of this Decree.

F. When the Eligible Claimant List is finalized by the parties it shall be immediately filed with the court to be attached to the official Consent Decree as Exhibit A. (Revised)

### VII. GOALS FOR QUALIFIED FEMALE APPLICANTS

A. Subject to the conditions set forth in this Section VII, Robertson Sanitation shall exercise good faith, as defined below, in seeking to achieve the goal of offering employment to qualified female applicants for externally advertised driver openings for residential, commercial, industrial and roll off truck driver positions at its Austell and Winder facilities at a level that reflects the percentage of females in the qualified applicant pool applying for those positions in each year of the Decree.

B. The minimum qualifications for each position which shall apply to the offer goals to this Decree are set forth in the job descriptions for each position which are attached hereto and incorporated by reference as Exhibits F (Driver-Residential (Automated), G (Driver-Recycling (Manual), H (Driver-Commercial (FEL), and I (Driver-Roll Off). It is understood that the requirements/qualifications for the positions in question may change due to changes in job requirements or technology and, if so, the Commission will be advised of such change(s) in writing.

C. Robertson Sanitation shall exercise good faith in offering employment to qualified female applicants. While Robertson Sanitation will seek to achieve the percentage female offer goal outlined, "good faith" will be measured against the standard of offering employment to at least 70% of the females in the qualified applicant pool. Further, in terms of assessing good faith, it is understood that the Austell and Winder facilities will be assessed separately and further that an offer of employment, (whether or not accepted or whether or not contingent upon the successful passage of either a drug screen or reference check) will be considered a qualifying offer. All offers of employment to female applicants shall be in writing and copies shall be maintained by Robertson Sanitation.

D. Robertson Sanitation shall determine in its sole discretion who is the best qualified among applicants for any particular position, provided that Robertson remains committed to the offer objective set forth in this Section VII.

E. Notwithstanding any other provision of this Section VII, Robertson Sanitation shall not be required to create positions for which no work exists or to change the salary or job duties of a position in order to satisfy the general objective of the employment of female drivers.

## VIII. MANAGEMENT TRAINING

A. Beginning not later than 90 days after Court approval of this Decree or Commission approval of the training, whichever is later, Robertson Sanitation shall provide a reasonable amount of training, whose content has been previously reviewed and approved by the Commission (which approval shall not be unreasonably withheld), to its Austell and Winder management and supervisory personnel as of the date of final Court approval, subject to reasonable availability of the employees to be trained.

(1) Training shall consist of at least the following:

a) Robertson Sanitation's statutory obligations under Title VII in general, and in particular its obligation not to discriminate on the basis of gender in employment decisions concerning the hiring and continuing employment of current employees; and

b) objective, non-discriminatory decision-making and proper procedures for hiring decisions;

(2) Robertson Sanitation shall complete this training not later than 180 days after final Court approval of this Decree.

(3) During the term of this Decree, all new managers hired after the completion of the training set forth in this Section VIII, and who will participate in hiring decisions, shall be trained in accordance herewith within sixty (60) days after their date of hire.

B. Beginning not later than thirty (30) days after Court approval of this Decree or Commission approval of the training, whichever is later, all decision makers for the subject driver positions at the Austell and Winder facilities shall be specifically informed of the objective contained in Section VII of this Decree and shall be provided information and training on how that goal can be achieved.

## IX. NON-DISCRIMINATION POLICY

A. Robertson Sanitation will tender to the Commission, within sixty (60) days of Court approval of this Decree, a copy of its written non-discrimination policy which establishes specific procedures for receiving, investigating and resolving complaints of discrimination lodged by any employee. The non-discrimination policy shall be made available to all employees of Austell and Winder. Robertson Sanitation's non-discrimination policy shall include, at a minimum, the following safeguards:

(1) A procedure to report complaints of unlawful discrimination to someone other than the alleged discriminator, if the immediate supervisor is the alleged discriminator;

(2) A provision that establishes a prompt investigation of the complaint;

(3) A provision prohibiting retaliation against persons who file complaints or participate in the process; and

(4) A provision that warns of appropriate sanctions against persons who violate the policy.

B. Robertson Sanitation may include in the non-discrimination policy a disclaimer that the policy does not constitute an express or implied contract.

## X. POSTING OF NOTICE

For a period of 48 months from the date of final Court approval of this Decree, Robertson Sanitation shall be required to post in prominent and conspicuous places at its Austell and Winder facilities its nondiscrimination policy as set forth in Section IX of this Decree and the Posting attached hereto as Exhibit E.

## XI. REPORTING

A. Within one month after the end of each twelve-month period during this Decree, Robertson Sanitation shall submit a report to the Commission with the following information regarding the applicants and offers/hires for the referenced positions at its Austell and Winder facilities:

(1) Identifying information for each truck driver offered employment and/or hired in the preceding twelve months, including name, sex, qualifications, job classification, and the facility.

(2) Identifying information for each truck driver laid off or involuntarily terminated during the preceding twelve months, to include name, sex, and facility.

(3) The name, facility, qualifications, and job sought of each female who applied for a driver position in the preceding reporting period and met the minimum qualifications but was not hired for the position. Robertson Sanitation shall provide the Commission with a detailed explanation as to why such qualified applicants were not offered a position.

(4) The number of qualified male applicants and the number of qualified female applicants in the applicant pool during the preceding twelve-month period. For ease of verification, Robertson Sanitation shall segregate the applications of qualified applicants from those of unqualified applicants.

B. Within one month after completion of the Management Training according to Section VIII of this Decree, Robertson Sanitation shall submit a report to the Commission containing the names and job titles of each person who received such training.

C. During the term of this Decree, Robertson Sanitation shall comply fully with the Commission's Recordkeeping Regulations, 29 C.F.R. § 1602.14 ("Regulations"). In particular, Robertson Sanitation shall retain for the term of this Decree or as required by the Regulations, whichever is longer, all applications and other documents related to selection of employees for hiring, and the reports referenced in subparagraph A of this Section XI.

D. Robertson Sanitation shall maintain a copy of the employment applications for each person hired during the preceding reporting period, and a copy of each job offer submitted to but rejected by qualified female applicants along with their employment applications during the preceding reporting period along with females who failed to report for or failed the drug screen.

E. The reports required by this Section XI shall be sent postage prepaid to: Robert K. Dawkins, Regional Attorney, Atlanta District Office, Equal Employment Opportunity Commission, 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia 30303.

## XII.  MONITORING COMPLIANCE

A.  During the term of this Decree the Commission shall have the right to review compliance with this Decree at Robertson Sanitation's Austell and Winder facilities. The review shall consist of, but not be limited to, inspecting and copying (at Robertson Sanitation's expense) a reasonable number of relevant, non-confidential and non-privileged documents, including all employment applications for driver positions, other documents created or considered in selection for driver positions, interviewing Robertson Sanitation employees, and inspecting Robertson Sanitation's business premises. Before scheduling any on-site compliance review, the Commission shall notify Robertson Sanitation in writing of each hiring-related issue it seeks to review, including particular driver jobs or departments that are of concern to the Commission and any specific information that has led the Commission to request a review. However, such review may be done without cause and merely as an oversight function of monitoring this Decree. The Commission shall further give Robertson Sanitation at least 7 business days' prior notice of any visit to Robertson Sanitation's Austell and Winder premises. Such notice will include a description of the hiring issue the EEOC seeks to review and a description/identification of the documents it wishes to review and the witnesses it seeks to interview. Within the 7 day notice period regarding any on-site investigation Robertson Sanitation shall have the right to respond to such notice. The on-site visit will be scheduled at a mutually convenient time shall occur during normal business hours and be conducted according to Robertson Sanitation's security and safety procedures. Robertson Sanitation shall be allowed to have an attorney and a Human Resources representative present during any Commission interview of an employee holding a supervisory or management position. The Commission shall give Robertson Sanitation at least 7 business days within which to copy documents requested

pursuant to the Commission's review. Robertson Sanitation shall be required promptly to comply with all reasonable requests of the Commission for such monitoring information, including provision of personnel data previously described by this Decree in a machine-readable format as agreed to by the Parties.

      B.    During the term of this Decree the Commission shall not disclose documents or other information obtained pursuant to this Decree outside of the agency, shall use the documents and information solely for the purpose of monitoring or enforcing compliance with this Decree and shall protect the information from disclosure under exceptions to the Freedom of Information Act, U.S.C. § 552(b), to the maximum extent permitted by law, under one or more of the following exemptions: (i) confidential commercial and financial information, (ii) confidential personal information, or (iii) information, disclosure of which would interfere with the Commission's enforcement activities.

      C.    After Robertson Sanitation has provided the Commission with the first of the twelve-month reports required by subparagraphs A and B of Section XI of this Decree, then within 60 days following receipt from Robertson Sanitation of any additional information concerning hiring required by this Decree, the Commission shall provide Robertson Sanitation with notice of any objection to compliance with this Decree on the basis of that information by invoking the informal resolution process described in Section III.B. of this Decree. If the Commission fails specifically to object in that manner and within this time then the Commission shall not contest Robertson Sanitation's compliance with this Decree as to hiring for the period covered by the information, unless the Commission establishes that the information was fraudulent or otherwise inaccurate.

## XIII. ENFORCEMENT

A.   There is no private right of enforcement in connection with Robertson Sanitation's obligations under the Decree and only the Commission may enforce compliance herewith or otherwise have any rights hereunder.

B.   Enforcement may be had by either Party subject to Section III.B. of this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall be responsible for and shall pay its own attorney's fees and costs, except as to costs and expenses allocated by this Decree.

## XV. PRESS RELEASE

The Parties' officers, agents, employees, successors, and all other persons in active concert with them, shall make no comment to the public at large in the form of a press release, news conference or similar disclosure concerning this Decree or settlement of the claims between them in this case, prior to the date of court approval of this Decree.

APPROVED this **11th** day of **February** 2009.

BY THE COURT:

_____
The Honorable Timothy C. Batten, Jr.
United States District Judge
Northern District of Georgia

BY CONSENT:

[Signatures continue on following page]

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____      2/10/09
Robert K. Dawkins                    Date
Regional Attorney
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia  30303
(404) 562-6818


Republic Services of Georgia, Limited Partnership,
a Delaware limited partnership, d/b/a Robertson Sanitation

By: Republic Services of Georgia GP, LLC,
a Delaware limited liability company, its General Partner

By: _____
    Jo Lynn White, Vice President and Secretary



Mozley, Finlayson & Loggins LLP

_____      2/6/09
William D. Harrison                  Date

One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342-1386
(404) 256-0700